AMERICAN SURETY COMPANY OF NEW YORK and Another
v. JOHN P. NELSON.

October 11, 1899.

Nos. 11,746—(38).[1]

### Removal of Assignee—Nonpayment of Premium—Laws 1895, c. 295.

The failure to pay the agreed fee or premium to a corporation acting as surety on the bond of an assignee in insolvency is sufficient ground, under Laws 1895, c. 295, for the removal of such assignee.

### Same—Corporate Surety.

*Held*, that act applies as well to such a corporation as to a personal surety.

### Acceptance of Part Payment—Waiver.

During the pendency of the proceedings to remove the assignee he paid a part of such fee or premium, which part had been earned, and was absolutely due. *Held*, the surety, by accepting such payment, did not waive its right to have the assignee removed.

### Order of Removal—Practice.

*Held*, the order removing the assignee is not erroneous because a prior order requiring him to furnish a new bond within 30 days was made ex parte, as on the hearing of the petition to remove him he was still entitled to be heard as to the propriety of such former order.

Appeal by John P. Nelson, assignee of Andrew G. Peterson, insolvent, from an order of the district court for Hennepin county, Pond, J., removing said assignee and appointing Charles M. Drew in his stead. Affirmed.

*A. B. Darelius,* for appellant.

*Childs, Edgerton & Wickwire,* for respondents.

CANTY, J.

In May, 1896, one Peterson made an assignment for the benefit of his creditors to the appellant, Nelson, who accepted the trust, gave bond with the respondent the American Surety Company of New York as surety, and entered upon the discharge of his duties. He agreed to pay the surety company $35 per year, in advance, as compensation to it for acting as such surety. He failed to pay the

[1] October, 1899, term.

premium in advance for the year commencing May 28, 1898, and for some time prior thereto, and the surety company petitioned the district court to require Nelson to furnish a new and satisfactory bond. The court made an ex parte order requiring him to do so within 30 days. He failed to comply with the order, and thereafter the surety company petitioned the court that he be removed. After a hearing on the petition, the court made an order removing him, and he appeals from the order.

Laws 1895, c. 295, provides:

"The surety or sureties * * * upon the bond of any public officer, * * * assignee, receiver, * * * may upon application duly verified stating the reasons therefor to the * * * court * * * be discharged from further liability as such surety, said * * * court, * * * shall by order reciting such application require such * * * assignee, receiver, * * * to furnish a new and satisfactory bond, within 30 days after personal service of such order. * * * If any such officer * * * upon being ordered to furnish a new bond as aforesaid shall fail to comply therewith he shall be removed, and be compelled to render and settle his accounts as soon as practicable."

1. We are of the opinion that the failure of Nelson to pay to the surety company the agreed fee or premium for acting as such surety was sufficient ground for requiring him to furnish a new bond, and for his removal on his failure to furnish the same.

2. We are also of the opinion that the act applies as well to a corporation surety as to a personal surety.

3. While the proceeding for the removal of Nelson was pending, the surety company, on December 31, 1898, accepted from him $10 in full payment of all the fees due for the time prior to May 28, 1898. But $35 was due in advance for the year commencing on that day, and he has never paid the same, or any part thereof. In our opinion, the surety company did not, by accepting the $10, waive its right to have Nelson removed. It accepted nothing but what was absolutely due it, whether he was removed or not.

4. Appellant contends that the court erred in making the ex parte order requiring him to furnish a new bond. We cannot so hold. Conceding, without deciding, that he was entitled to be heard on the propriety of making that order, he was entitled to be heard on

that point in the motion to remove him as assignee, and by proceeding ex parte, the surety company took the risk of being defeated on that motion because of the impropriety of the former order.

This disposes of all the questions raised having any merit, and the order appealed from is affirmed.